# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2019

Lyle W. Cayce
Clerk

No. 18-60261
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELA ROY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CR-110-2

Before JONES, BENAVIDES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Angela Roy appeals her jury trial convictions and sentences for aiding and abetting the assault and wounding of a postal employee with intent to commit robbery and the discharge of a firearm during a crime of violence. For the following reasons, the district court's judgment is AFFIRMED.

Contending that the evidence was insufficient to support her convictions, Roy asserts that the only direct evidence of her involvement in the offenses was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60261

the incredible and insubstantial testimony of her purported co-participant. This court reviews a preserved sufficiency challenge under a de novo standard that is nevertheless highly deferential to the verdict, and it views the evidence in the light most favorable to the prosecution. *United States v. Carbins*, 882 F.3d 557, 562-63 (5th Cir. 2018).

"[A] guilty verdict may be sustained if supported only by the uncorroborated testimony of a coconspirator, even if the witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face." *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994). A witness's testimony "is incredible as a matter of law only if it relates to facts that the witness could not possibly have observed or to events which could not have occurred under the laws of nature." *Id.* Here, the purported co-participant's testimony that he and Roy committed the charged offenses together did not relate to unobservable facts or nature-defying events and was in fact corroborated by other testimonial and documentary evidence. *See id.* Roy has failed to show that the evidence was insufficient to support her convictions. *See Carbins*, 882 F.3d at 562-63.

Roy next argues that the district court abused its discretion in admitting certain evidence. *See United States v. El-Mezain*, 664 F.3d 467, 494 (5th Cir. 2011). There is no merit to Roy's first contention that the district court erroneously allowed the Government to present extrinsic evidence relating to her involvement in a vehicle burglary for the purpose of proving her bad character. Rather, the challenged evidence was intrinsic and admissible to complete the story of the crime because the vehicle burglary and the charged offenses were part of a single criminal episode perpetrated by Roy and the co-participant over approximately 18 hours in Northern Mississippi. *See United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). There is likewise no merit to

Roy's argument that the district court erroneously admitted hearsay evidence regarding information obtained by investigators from a public database and social media. We have explained that "[t]estimony describing an investigation's background should not be needlessly objected to on hearsay grounds where," as here, "it goes only to how police investigated a crime rather than to the truth of the matter asserted." *See United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009). Furthermore, since the public database and social media records were not admitted into evidence, there was no need for their authentication as Roy contends.

According to Roy, the district court erred in failing to grant a mistrial based on a witness's statement indicating that Roy had previously been in prison and certain statements by the prosecutor during closing arguments. The brief and unsolicited witness statement was withdrawn from the jury with a prompt direction by the district court that it be disregarded, and the remark was not so highly prejudicial as to be incurable by the district court's admonition. *See United States v. Klein*, 546 F.2d 1259, 1263 (5th Cir. 1977). And, despite Roy's contention to the contrary, the prosecutor's argument regarding Roy's pre-arrest decision to flee rather than to contact the police and clear her name did not constitute a reference to her decision not to testify at trial. *See United States v. Soudan*, 812 F.2d 920, 930 (5th Cir. 1986); *see also United States v. Laury*, 985 F.2d 1293, 1302 (5th Cir. 1993). Roy has shown no abuse of discretion in the denial of her motions for a mistrial. *See United States v. Mitchell*, 166 F.3d 748, 751 (5th Cir. 1999).

Finally, there is no merit to Roy's assertion that the district court clearly erred in enhancing her sentence under U.S.S.G. § 2B3.1(b)(3)(B) because the victim suffered serious bodily injury. Roy has failed to demonstrate that the district court's finding that the victim suffered extreme physical pain or the

No. 18-60261

protracted impairment of a bodily member is implausible in light of the record as a whole. *See* U.S.S.G. § 1B1.1, comment. (n.1(L)) (2016); *United States v. Rico*, 864 F.3d 381, 383 (5th Cir.), *cert. denied*, 138 S. Ct. 487 (2017).

AFFIRMED.